ARNOLD v. SNELLGROVE.

4-5432 127 S. W. 2d 125

Opinion delivered April 10, 1939.

*Nat T. Dyer,* for appellant.

*John C. Ashley,* for appellee.

McHANEY, J.   Arnold School District was created by special Act 164 of 1907 out of school districts No. 26 in Baxter county and No. 83 in Izard county, Arkansas, contrary to the statement of appellants that it was so created out of districts No. 63 in Baxter and No. 67 in Izard.   See Acts 1907, p. 397.   But for the purpose of this opinion we adopt the numbers used by the parties. This action was brought by appellants, eleven qualified electors of Baxter county and of said district, to dissolve said Arnold School District and attach the territory thereof in each county to other districts.   Their petition for this purpose was addressed to the Baxter county court and to the county judge of Izard county, and was filed only with the clerk of the Baxter county court. Based on such petition the Baxter county court made and entered an order directing the county examiner of Baxter county to publish a notice of the filing of said petition, by publication in the Baxter County Citizen once a week for two weeks, and of a hearing to be had on said petition in said court on March 12, 1938; and further ordered that said notice specify that a hearing thereon would be before the county judges of Baxter and Izard counties at the school house in district No. 63 in Baxter county, on said date at 10 a. m., but that said court would take entire jurisdiction thereof, on the ground that the law confers such jurisdiction.   Notice was given pursuant to the order.   On said date the Baxter county judge (the Izard county judge not being present) held a hearing at said school house.   Appellees appeared and objected to the proceeding, by demurrer and response, on the ground, among others, of the lack of jurisdiction of the Baxter county court.   The court overruled the demurrer and all other objections to the jurisdiction and found that it was to the best interest of the inhabitants that the said district be dissolved and made an order to this effect and

annexed district No. 63 in Baxter county to No. 61 of said county and created an independent district in Izard county out of that portion of Arnold School District, formerly No. 67, to be known as School District No. 67 in Izard county, and then surrendered further jurisdiction thereof to the county court of Izard county. On appeal to the circuit court, the demurrer and motion to dismiss were renewed, sustained, and the case dismissed. The case is here on appeal.

We agree with the circuit court that a proceeding to dissolve an existing school district composed of territory lying in two or more counties is governed by § 11486, Pope's Digest. While said section relates specifically to the formation of districts embracing territory in two or more counties, requiring the action of each of the county courts where a part of the district will be situated, it must necessarily be true that, to dissolve such a district once created, the formal action of the several county courts must be had in approval thereof.

It is argued by appellants that, because of the language used in the last sentence of paragraph two of said section, the Baxter county court had jurisdiction to abolish this district. That language is: "For all school purposes such district, situated in two or more counties, shall be a part of the county in which is situated the largest number of inhabitants of the territory affected." We do not agree that the dissolution of such a district is a school purpose within the meaning of said act. The object of that provision was to give such a district a domicile and for the convenient and orderly administration of the affairs of the district. County courts have no extraterritorial jurisdiction, and the Baxter court was without authority or jurisdiction to abolish this district, acting alone.

The trial court correctly so held and its judgment must be affirmed.