

*Claude E. Love,* for appellant.

*Floyd Stein,* for appellee.

McHANEY, J.   On August 17, 1938, there was filed with the clerk of the county court of Union county a petition signed by thirty-five qualified electors of appellant district, purporting to be a majority of the qualified electors therein, and also signed by the school directors of appellee district, praying an order of the county court dissolving school district No. 3 and annexing the territory therein to school district No. 47.  Notice of the filing of said petition and that a hearing thereon would be had on September 19, 1938, was published for the time and in the manner prescribed by law by the county examiner.  The matter was heard on said date and the court made a finding that it was to the best interest of the persons therein concerned that such consolidation be effected, that proper notice had been given and that a majority of the qualified electors in district No. 3 had joined in said petition, and made and entered an order in accordance with the prayer of the petition, to become ef-

fective June 1, 1939. Thereafter, on October 1, 1938, the school directors of district No. 3 filed affidavit for appeal to the circuit court, which was granted and the appeal taken. On March 28, 1939, the day the case was called for trial in the circuit court, said directors of district No. 3 filed a response, alleging it would not be to the best interest of appellant to dissolve said district and annex it to No. 47 for the reason it has a new school house, has sufficient funds to operate its school on a 15 mill tax and that district 47 has no better facilities. They also attacked the sufficiency of the petition on the ground that a majority of the qualified electors therein did not sign same. Trial resulted in an affirmance of the judgment of the county court.

For a reversal of this judgment appellant first contends that the petition filed in the county court did not contain a majority of the qualified electors in district No. 3. Section 11481 of Pope's Digest provides: ''When a petition is filed for . . . the annexation of territory to any district, purporting to be signed by a majority of the qualified electors in each district affected, notice thereof shall be given by publication in a newspaper having a *bona fide* circulation in the county, to be given by the county examiner on order of the county court, and published once a week for two weeks giving the date of the hearing of such petition. At such hearing the county court shall consider whether the petition is signed by the requisite number of electors . . . and if it finds that it is, it may grant the prayer of the petition if it deems it best for the interests of the inhabitants of the territory affected. Provided that any elector signing said petition may have his name stricken from said petition, upon written demand, at any time prior to the final action of said county board (court) upon said petition. Appeals may be taken to the circuit court from the findings of the court on the ground that the requisite number of electors have not signed the petition, or because the notices herein required were not given. The findings of the county court otherwise will be conclusive.''

The petition as filed contained thirty-five names of qualified electors of school district No. 3 and the court

struck therefrom the names of Risinger, Pepper, and Pratt leaving thirty-two names. The clerk of the county court certified to a list of qualified electors in district No. 3 showing there were 63 electors therein. By agreement of counsel the court struck therefrom the names of Brazzell, W. P. Hall, Reacie Hall and Sid Pepper, because they did not reside in district No. 3 although they had paid their poll tax in said district, and the name of Bob Smith from the certified list for the reason that Bob Smith and R. W. Smith are one and the same person. This left 58 names on the certified list to which the court added the names of Lyons, Clarence Pepper, and Warren Pepper, making a total of 61 electors, of which 32 on the petition would be a majority.

We think the court erroneously, perhaps, permitted the withdrawal of the names of J. C. Risinger and C. A. Pepper from the petition for the reason that they had not made a written demand so to do prior to the final action of the county court upon the petition. But whether this was erroneously done or not the petition still had a majority of the qualified electors, after permitting those names to be withdrawn.

It is also suggested that a petition presented to the circuit court, signed by a number of the signers of the original petition, who asked that their names be stricken from the original petition, should have been granted. This was not error. Under the plain provisions of § 11481 of Pope's Digest, it came too late in the circuit court. *Milsap* v. *Holland*, 184 Ark. 996, 44 S. W. 2d 662.

It is next contended that the cause should be reversed because the name of C. P. Davis should have been added to the list of qualified electors or that his name should have been stricken from the original petition. Assuming that appellant is right in this contention it would not call for a reversal of the case as his name added to the petition and also the list of qualified electors would not change the situation as the petition would still have a majority. As said in *School District No. 18* v. *Grubbs Sp. School Dist. No. 43*, 184 Ark. 863, 43 S. W. 2d 765, "Where the proof shows that an unquestioned majority of qualified persons signed the petition to con-

solidate certain school districts, alleged erroneous rulings concerning the qualification of other signers were immaterial."

It is next said that the court erred in striking from the list of electors the name of R. W. Smith and in holding that R. W. Smith and Bob Smith were the same person and it is said there was no evidence to support that finding. We cannot agree with appellant in this contention. There was ample evidence to sustain the court's finding that they were one and the same person.

It is finally said that the court erred in refusing to permit appellants to introduce testimony to show that it would not be for the best interest of School District No. 3 for it to be dissolved and annexed to district No. 47. This was not error because the statute above quoted provides that, "Appeals may be taken to the circuit court from the findings of the court on the ground that the requisite number of electors have not signed the petition, or because the notices herein required were not given. The findings of the county court otherwise will be conclusive."

Therefore, since there was no question that proper notices were given, the only question that could be raised in the circuit court on appeal was the sufficiency of the petition as to the requisite number of electors signing same.

We find no error, and the judgment is accordingly affirmed.

