BARBER *v.* BARKER.

4-7818                            192 S. W. 2d 353

Opinion delivered February 4, 1946.

Rehearing denied March 4, 1946.

1. SCHOOLS AND SCHOOL DISTRICTS—DIRECTORS—QUO WARRANTO.— Where a number of districts were consolidated with the St. Paul district in 1943 under § 11486, Pope's Digest, relating to consolidation of districts in two or more counties and appellees were appointed directors of the district and elected at the next annual school election held in 1944, appellants who were the directors of the old St. Paul district should, if they desired to question the right of appellees to serve as directors, have appealed from the order of the County Board of Education and the judgment of the circuit court ordering the consolidation and having failed to do that they are in no position to raise that question in a *quo warranto* proceeding.

2. SCHOOLS AND SCHOOL DISTRICTS.—Where appellees had been acting as directors of the consolidated district since their appointment in 1943, have been recognized as such by the County Supervisor and all the districts which form the consolidated district, they are at least the *de facto* directors of the district if not *de jure* directors and appellants' complaint questioning their right to serve as such directors was properly dismissed.

*O. E. Williams,* for appellant.

*E. M. Fowler, Rex W. Perkins* and *G. T. Sullins,* for appellee.

McHANEY, J. This is an action by appellants, who claim to be the duly elected directors of St. Paul School District No. 48 of Madison county, against appellees, in the nature of *quo warranto,* to oust appellees from the office of directors of the St. Paul Consolidated School District No. 48 of said county. The action was brought in the chancery court, but on motion of appellees it was transferred to the circuit court, where, without any motion to remand, it was tried before the court and a judgment was entered against appellants, dismissing their complaint from which they have appealed.

It appears that the consolidated district is the result of the consolidation of several smaller districts in Madison county with the St. Paul School District No. 48, and also the consolidation of Frazier School District No. 77 of Franklin county with said St. Paul District No. 48 which latter consolidation was effected December 21, 1943, under the provisions of § 11486 of Pope's Digest, relating to the procedure for consolidation of school districts in two or more counties, which provides also for the appointment of six directors for the consolidated district after such consolidation, who shall serve as such until the next annual school election, at which time the electors shall elect directors. Upon consolidation of the Frazier district in Franklin county with St. Paul No. 48 appellees were appointed directors of the consolidated district.

At the annual school election in 1944 appellees were elected to succeed themselves. Each of them took the prescribed oath of office for school director, entered upon his duties as such and all of them, except one who was dropped because the State Department advised they could have only five, have continued to serve as directors of the consolidated district with the knowledge, consent and approval of the county supervisor and the County Board of Education. See Act 327 of 1941, p. 838.

It also appears that the county supervisor, in order to effectuate the consolidation of these several districts, advised the patrons of such districts that the grade schools of such districts would not be disturbed, but that these schools would continue to operate for the smaller children in the lower grades and would be supervised by local directors or trustees to be elected by them, who would have authority to recommend teachers and act in an advisory capacity to the directors of the consolidated district, but with no authority to make contracts or draw any school warrants. All districts could send high school pupils to the consolidated district at St. Paul.

If appellants are making an attack on the regularity or the legality of the proceedings taken to effectuate the consolidated district, they have adopted the wrong procedure. No appeal was taken from the action of the County Board of Education to the circuit court which is the correct procedure in such a case. This was the procedure followed in *Sugar Grove School Dist. No. 19* v. *Booneville Special School Dist. No. 65,* 208 Ark. 722, 187 S. W. 2d 339. Only the right of appellees to hold the office of school director of the consolidated district is here involved and we think the trial court correctly determined that issue in favor of appellees. They have been the acting directors of said consolidated district since their appointment in December, 1943; have been recognized as such by the County Board of Education and the county supervisor and all the districts making the consolidated district, and they are at least the *de facto* directors of said district, if not *de jure.* We do not understand that appellants contend they are directors of the consolidated district, but only of old St. Paul No. 48 before consolidation. Their election in 1944, and 1945, if then elected, was to the office of trustee for the old district, which office is without authority in law, so far as we are advised. Appellants say: "It is not the purpose of this suit to attack the annexation of any territory to the St. Paul District. Furthermore, we doubt whether the orders as to annexation could be attacked at this time." Even so, appellants seem to base their action to oust appellees as directors on alleged illegalities of pro-

cedures taken in annexing the Frazier district to St. Paul district, and on the alleged failure of appellees to qualify as directors under the appointment in December, 1943. We do not think they can be ousted in this way.

In our opinion the court correctly dismissed the complaint of appellants and the judgment is accordingly affirmed.