ACKLIN v. JACKSON COUNTY BOARD OF EDUCATION.

4-8350

206 S. W. 2d 745

Opinion delivered December 1, 1947.

Rehearing denied January 12, 1948.

*Kaneaster Hodges,* for appellant.

*Ras Priest* and *Millard G. Hardin,* for appellee.

HOLT, J. July 30, 1946, a petition, signed by a majority of the qualified electors residing in Denmark Special School District, lying partly in Jackson and partly in White counties, Arkansas, was filed with the Jackson County Board of Education, requesting that said Denmark Special School District be dissolved and its territory attached to and made a part of the Bald Knob Special School District in White county, Arkansas.

Proceeding under the provisions of § 11486, Pope's Digest, as amended by Acts 279 and 327 of 1941, due notice was given by publication in a newspaper.

The Board of Directors of the Bald Knob Special School District of White County passed a resolution requesting the Jackson County Board of Education to grant the prayer in the petition, *supra,* for consolidation of the Denmark District with that of the Bald Knob District.

November 26, 1946, the petition was heard by the Jackson County Board of Education at Newport and an

order was made and entered by the Jackson County Board dissolving the Denmark Special School District and annexing its territory and transferring its funds to the Bald Knob Special School District in White county.

Thereafter, on February 7, 1947, W. E. Orr, County Supervisor for White county wrote appellants' counsel: "The situation in regard to the Denmark Special-Bald Knob Special consolidation, ordered by the Jackson County Board of Education, November 26, 1946, was as follows: For many years the Bald Knob unit has served as the high school for a large percentage of the pupils living in the Denmark district. Such a plan resulted in a loss to Bald Knob, because their expenses per child in average daily attendance annually were in excess of the amount being received for tuition from the individual Denmark students. Not wishing to deprive these children of high school advantages, the Bald Knob board was agreeable when consolidation suggestions were made by residents of the Denmark community.

"Because of the impossibility of arranging a joint meeting of the White County and Jackson County Boards of Education it was decided that the merger could best be made by operating under § 11481 within the county of the smaller district. This plan was acceptable to those involved in White county. The Jackson County Board of Education met on November 26 and ordered this consolidation. A copy of the minutes of this meeting with the consolidation order was filed in the office of the County Supervisor, White county, December 2, 1946."

An appeal was taken from the order of the Jackson County Board of Education, to the Jackson Circuit Court, and on February 11, 1947, the cause was heard and judgment rendered affirming the consolidation order of the Jackson County Board of Education.

This appeal followed.

For reversal, appellants contend that "the court erred in holding that the Jackson County Board of Education, acting singly and without the contemporaneous collaboration of the White County Board of Education,

could lawfully order the dissolution of the Denmark Special School District, a district situated in Jackson and White counties, Arkansas, and that the court erred in refusing to hold such a unilateral order was void.''

While under the provisions of § 11486, Pope's Digest, as amended, the action of the Boards of Education of both Jackson and White counties were required, in order to effect the consolidation of the Denmark District, which lay partly in each county, with the Bald Knob District, we are unable to say, in the circumstances here, that this requirement was not complied with, or substantially so, as found by the trial court. The burden was on appellants to show that the White County Board did not approve or accede to the order of consolidation made by the County Board of Education of Jackson county, and this we think they have failed to do.

We quote from the court's findings: ''It appears from the hearing and the statements and the records here of the proceedings of the White County Board of Education and of the Jackson County Board of Education that a petition was presented to the County Board of Education and that there were 49 qualified electors residing in the district which was to be dissolved, the Denmark School District, and out of that number 34 had signed the petition requesting that the district be dissolved and annexed to and become a part of the Bald Knob School District in White county. Proper notices the court finds were given of this hearing; the notice, also, given to the White County Board; and it appears from the record that the Jackson County Board of Education at its meeting on the 26th day of November, 1946, had its hearing on this petition and passed favorably upon it consolidating the district, the Denmark District, consolidating it with the Bald Knob School District. . . . This action was approved, the court finds, by the Board of Directors of the Bald Knob School District. In other words, they assented to it and agreed to it by resolution that this action be taken. . . . Here in this case I think the jurisdiction of matter was had by both boards and while there might be some little irregularity in the proceedings

in that the board of White county did not sit in with the board here, that is, they did not exactly have a joint hearing, but they had notice of it; and after the County Board of Education of Jackson county had acted on it and approved it that the County Board of Education of White county acted upon it by · adopting and approving the procedure of the Jackson County Board, adopted it and made it a part of the minutes and records of procedures of the County Board of Education of White county. Consequently, in this case, both of the boards having authority to act upon this proposition have acted upon it and approved it. . . . And it will be the judgment and findings of the court that the action taken by the County Board of Jackson county and of White county be approved and that the Denmark Special School District be dissolved and annexed to the Bald Knob School District in White county."

The letter from W. E. Orr, White County Supervisor, which was in evidence, tends strongly to support the trial court's finding that the White County Board of Education, after due notice, and receipt of copy of the consolidation order and proceedings of the Jackson County Board of Education, accepted and agreed to the consolidation order of the Jackson County Board. In the last paragraph of that letter, *supra,* Orr referred to the difficulty of arranging a joint meeting between the two boards, that consolidation was acceptable to those in White county and "the Jackson County Board of Education met on November 26 and ordered the consolidation. A copy of the minutes of this meeting with the consolidation order was filed in the office of the County Supervisor, White county, December 2, 1946."

In addition, it is undisputed that the Board of Directors of the Bald Knob Special School District, by resolution, requested the Jackson County Board of Education to grant the petition for consolidation of the districts.

The County Board of Education of White county and the Bald Knob Special School District are not parties to this suit and are not complaining.

No error appearing, the judgment is affirmed.