CYPRESS RIDGE SCHOOL DISTRICT No. 3
*v.* MORRIS.

4-8422

209 S. W. 2d 689

Opinion delivered March 29, 1948.

*K. T. Sutton,* for appellant.

*W. M. Lee,* for appellee.

GRIFFIN SMITH, Chief Justice. Appeal is from action of Circuit Court in dismissing proceedings whereunder Russell Morris and other taxpaying electors of Cypress Ridge School District successfully contested an election.

A proposal to consolidate with Brinkley School District B resulted, *prima facie,* in a majority of four votes against the plan. Upon review by the County Board of Education it was ascertained that six of the opposition ballots were illegal, hence the issue had carried.

Cypress Ridge, through Waggoner and others, within 30 days filed notice of appeal, but did not tender or propose to execute the bond required by Act 183 of 1925. One of the provisions of this Act is that as a condition of appeal where neither money nor property is involved, penalty shall be "a sum sufficient to protect the appellee and the County Board of Education from payment of cost, which amount shall be indorsed by the Secretary of the Board of Education, on the affidavit of the appellant in such sum to be fixed by [the Board]".

In *McLeod, County Judge* v. *Richardson,* 204 Ark. 558, 163 S. W. 2d 166, Act 183 of 1925 is pointed to as the applicable statute affecting appeals such as we are dealing with. Appellant, however, thinks a change was made

by Act 111 of 1943. It amends § 11475 of Pope's Digest. But Act 111, by § 1, amends § 11473 of the Digest, and is applicable to districts with fewer than ten pupils where terms for the two preceding years were not less than 120 days, hence it does not solve appellants' problem.

Final argument is that § 8476 of Pope's Digest affords relief. It is a part of Chapter 96 of the Digest and applies to appeals from Justice of the Peace Courts. The express provision requiring appeal bonds in school election contests (except as limited by the Act of 1943) is controlling, and is jurisdictional. It follows that the Court did not err in dismissing the appeal.

Affirmed.