LYNN SCHOOL DISTRICT No. 76 *v.* SMITHVILLE SCHOOL DISTRICT No. 31.

4-8514                                            211 S. W. 2d 641

Opinion delivered April 12, 1948.

Rehearing denied June 21, 1948.

*D. Leonard Lingo* and *W. A. Cunningham,* for appellant.

*E. H. Tharp* and *W. E. Beloate,* for appellee.

MINOR W. MILLWEE, Justice. Lynn School District No. 76 of Lawrence county has appealed from the judgment of the circuit court setting aside orders of the County Board of Education dissolving Oak Hill District No. 3 and Smithville District No. 31 and annexing the territory of said districts to the appellant.

In October, 1946, electors residing in said districts 3 and 31 filed separate petitions before the County Board of Education, under § 11488, Pope's Digest, to dissolve said districts and annex the territory thereof to appellant, District No. 76. The written consent of the board of directors of appellant to the annexation proposal also was filed with the county board. Other electors in District No. 31 filed a petition asking dissolution and annexation to Imboden District No. 45. Notice of the filing of the petitions and that a hearing thereon would be had on November 2, 1946, was published by the County

Supervisor, as secretary of the County Board of Education. After a hearing on said date the board of education entered an order finding. that due notice of the hearing had been given as provided by law; that a majority of the qualified electors residing in districts 3 and 31 had signed petitions for dissolution of said districts and annexation to appellant; that the petition for annexation of district 31 to Imboden District No. 45 did not contain a majority of the electors and should be denied; that it was to the best interest of the inhabitants of the area affected that districts 3 and 31 should be dissolved and the territory annexed to appellant, which was accordingly ordered.

On April 25, 1947, persons claiming to be directors and qualified electors of districts 3 and 31 filed with the Board of Education separate affidavits for appeal from the order of November 2, 1946. These affidavits state that the petitions upon which the orders of dissolution and annexation were made did not contain a majority of the electors; that sufficient notice of the hearing was not given as provided by law; and that the orders were void because of fraud practiced by the appellant district. A transcript of the proceedings before the board was then filed in the circuit court.

On August 25, 1947, appellant filed in the circuit court its motion to dismiss the separate appeals because: (1) The affidavit for appeal was not filed within the time required by law; (2) Appellees had not filed the bond for costs required by Act 183 of 1925.

On September 11, 1947, appellees, Districts 3 and 31, filed separate pleadings in the circuit court designated "Substituted Complaint Asking for a Writ of *Certiorari*" alleging they had previously filed an original complaint, which had disappeared from the records, and now appeared as an appeal from the order of November 2, 1946. It was also alleged that the Board of Education was without jurisdiction of the original petitions because notice of the hearing published by the County Supervisor had not been authorized by the Board of Education, and proof of publication thereof filed.

prior to rendition of the order; and that there was no petition filed by a majority of the electors of District No. 76.

The pleading further states that, prior to the filing of the original petitions, the board of directors of appellant executed separate written agreements to maintain schools in the two districts for the first eight grades so long as a majority of the patrons of the district desired; and that said agreement further provided that should proposed Initiated Act No. 1 of 1946, known as the School Reorganization Act, fail to pass in the 1946 general election, the district boundary lines would be restored and the old districts re-established upon a petition of the majority of the electors of the original districts; that when it was ascertained that said Act had failed to pass, a majority of the electors of the old districts filed their respective petitions with the County Board of Education to re-establish said districts and set aside the orders of November 2, 1946; that appellant's repudiation of said agreement constituted a fraud upon the Board of Education and the electors of districts 3 and 31 who signed the original petitions. It was prayed that the order of November 2, 1946, be declared void and vacated and all rights of appellee be restored by proper orders of the court.

Appellant, without abandoning its motion to dismiss, filed its answer to the complaint admitting certain allegations and denying others. The answer also alleges that, after expiration of the time for appeal from the orders of November 2, 1946, appellant borrowed money and purchased a school bus, hired additional teachers and contracted for the erection of additional school buildings to accommodate the pupils residing in the territory which formerly comprised districts 3 and 31; that said districts did not hold a school election nor levy a school tax in March, 1947, and were barred by laches and estoppel from seeking relief by *certiorari*.

At a hearing in circuit court on September 11, 1947, the County Supervisor testified that a majority of the electors of former districts 3 and 31 filed petitions on

February 3, 1947, before the County Board of Education to re-establish said districts, and that a hearing was held before the board on March 28, 1947, and the petitions denied. At this point the trial court held that the consolidation orders of November 2, 1946, were conditioned on the passage of proposed Initiated Act No. 1 of 1946. The court concluded that the filing of the second petitions on February 3, 1947, was a continuation of the former proceedings and since the affidavits for appeal were filed within 30 days of the order of March 28, 1947, said appeal was perfected within the time required by law. The motion of appellant to dismiss was accordingly overruled. Appellant excepted to the ruling of the court and this is the principal assignment of error brought forward in the motion for new trial.

There was other testimony showing that electors who signed the original petitions were induced to do so in reliance upon the agreement of some of the directors of appellant to re-establish the districts, if proposed Act No. 1 failed of passage in the general election. These electors were of the opinion that the proposed Act would pass, in which event they preferred that the district be annexed to appellant instead of being forced to consolidate with some other district under the provisions of the proposed Act.

There was other evidence showing that appellant purchased a bus for transportation of high school pupils and incurred other expenses totaling $3,500 to take care of the additional enrollment resulting from consolidation. This was done more than 30 days after the order of annexation of November 2, 1946, and before the filing of the petition for restoration of the two districts on February 3, 1947. Appellant also hired additional teachers and incurred other expenses to maintain the schools up to the eighth grade in the old districts. The old districts did not hold a school election in March, 1947, and part of the electors residing therein voted in the election held in District 76.

In June, 1947, a special election was held in the appellant district in which it was voted to set aside millage

to retire a loan of $13,000 from the Revolving Loan Fund, the proceeds thereof to be used in the construction of additional buildings made necessary by the consolidation. Some of the electors of the old districts also participated in this election.

The trial court found that the Board of Education was without authority to act on the original petitions because they were signed with the understanding that the old districts would be restored in the event proposed Initiated Act No. 1 of 1946 failed of passage; that the entire proceedings amounted to a fraud practiced on the Board of Education and the electors of districts 3 and 31. The orders of November 2, 1946, were accordingly set aside and Districts No. 3 and 31 ordered re-established as they existed prior to the date of the filing of the original petitions.

We conclude that the able trial judge erred in overruling appellant's motion to dismiss the appeal of appellees from the orders of the County Board of Education. The orders of dissolution and annexation entered by the County Board of Education on November 2, 1946, were unconditional and contained no reference to the agreement executed by some of the directors of appellant whereby they agreed that districts 3 and 31 might be re-established if proposed Act No. 1 failed to pass. However, the trial court treated the filing of the petitions for restoration of the old districts on February 3, 1947, as a continuation of the original annexation proceedings, and the filing of the affidavits of appeal more than five months after the order of November 2, 1946, as being timely, since said affidavits were filed within 30 days of the order of March 28, 1947, which denied the petitions to re-establish the old districts.

Assuming, without deciding, that the court was authorized to so determine the effect of the proceedings, and that the affidavits for appeal were filed in due time, still appellees must fail since they neither tendered nor filed the bond required by Act 183 of 1925. This Act provides that parties aggrieved by the final order of the Board of Education may appeal therefrom within

30 days by making and filing a proper affidavit and bond as provided in the Act. In the recent case of *The Cypress Ridge School District No. 3* v. *Morris, ante,* p. 192, 209 S. W. 2d 689, the provision requiring the filing of an appeal bond was held to be jurisdictional and the trial court's action in dismissing the appeal for failure to tender or file such bond was affirmed.

It is observed that the general election of 1946 was held within a few days following the orders of November 2, 1946. Appellees took no action until three months later when they filed petitions to restore the districts. The petition for *certiorari* was not filed until September 11, 1947. While appellees alleged that a similar complaint had been previously filed, which disappeared from the record, this was strenuously denied by appellant and there is nothing in the record to support the charge made by appellees. It was alleged in the complaint, and appellees now contend, that the orders of annexation were void because the petitions were not signed by a majority of the electors in appellant district. Section 11488 of Pope's Digest requires a petition by a majority of the qualified electors of the district to be dissolved and the consent of the board of directors of the district to which the dissolved district is to be annexed. This statute was amended by Act 235 of 1947 to make the same provision applicable where procedure is by election instead of petition. The board of directors of appellant joined in the petition and consented to the annexation proposal in the instant case and a petition of electors of appellant district was not required under the statute. *School District No. 3* v. *School District No. 47,* 199 Ark. 921, 136 S. W. 2d 476.

The orders of the County Board of Education of November 2, 1946, are valid on their face and the law expressly provides for an appeal. This court has often held that the writ of *certiorari* will not be made a substitute for appeal and cannot be used in any case where there is or has been a right of appeal, unless the opportunity for appeal has been lost without fault of the petitioner. *Bird* v. *McCrory Special School District,* 175 Ark. 724, 300 S. W. 370. The written agreements

upon which the electors of districts 3 and 31 are alleged to have relied in signing the original petitions were not executed at a meeting of the board of directors of appellant nor were the directors who signed the agreement authorized to do so by the board. Three of the five directors of appellant signed one of the instruments and the president and secretary of the board signed the other. The powers of the directors of a school district are derived only from legislative authority and persons dealing with them are presumed to know the limitations of such powers. *Rural Special School District No. 50* v. *First National Bank,* 173 Ark. 604, 292 S. W. 1012. The Board of directors of appellant was without power to execute the agreements and appellees were chargeable with notice thereof. *School District No. 18 of Jackson County* v. *Grubbs Special School District,* 184 Ark. 863, 43 S. W. 2d 765.

We are also of the opinion that appellees are precluded from obtaining relief by *certiorari* under the decisions of this court in *Rural Special School Dists. Nos. 17 and 95* v. *Ola Special School District No. 10,* 182 Ark. 197, 31 S. W. 2d 129. In that case appellants sought a writ of *certiorari* to quash an order of the Board of Education on the ground that said order was void because made without the notice required by law. This court affirmed the action of the trial court in refusing to grant the writ and it was there said: "An effort to quash an order or judgment in a matter involving the public interest or of a public nature, such as the consolidation and creation of school districts, is not entertained as of right, but is a matter resting in the sound discretion of the court, which should not grant relief unless the remedy is sought within apt time or without an unreasonable delay in applying therefor. Here appellants appeared and remonstrated against the making of the order without objecting that notice had not been given of the application therefor, made no effort to appeal from it, and sought no relief by this proceeding until more than five months after the order was made, the entire status changed, and the unusual expenses incurred necessary to the carrying out of the

order and conducting the schools in the territory as consolidated. No elections were held or school tax voted in the old districts because of the consolidation, and some of the electors residing therein participated in the school election in the new district.''

In the case at bar appellees joined in the petitions upon which the orders of November 2, 1946, were based and took no action to set such orders aside until three months after the orders were made and the general election of 1946 was held. They sought no relief by *certiorari* until more than 10 months after the orders were made. In the meantime appellant incurred additional expenses in the purchase of a school bus, the employment of additional teachers and the construction of additional buildings to accommodate the increased number of pupils resulting from annexation of the two districts. No elections were held or school tax voted in the dissolved districts at the regular school election in March, 1947, and some of the electors residing in said districts voted in the election in the appellant district. Some of these electors also voted in the special election held by the new district for the purpose of setting aside millage to retire a loan of $13,000 to be used to construct new buildings. The delay of appellees was unreasonable under the circumstances and the extraordinary writ of *certiorari* should not issue as a substitute for the right of appeal, which they failed to pursue in the manner provided by statute.

The judgment is reversed and the cause will be remanded to the circuit court with directions to grant the motion of appellant to dismiss the appeal of appellees from the orders of the County Board of Education, and to reinstate the orders of said board of November 2, 1946.