GIBSON *v.* BOARD OF EDUCATION OF DREW COUNTY, ARKANSAS.

4-9195                                                    230 S. W. 2d 44

Opinion delivered May 29, 1950.

*Gibson & Gibson,* for appellant.

*John Baxter, Adrian Williamson* and *DuVal L. Purkins,* for appellee.

MINOR W. MILLWEE, Justice. Jerome School District No. 22 was created by Special Act 583 of 1921 out of territory lying in Drew and Chicot Counties and since its organization has been administered by the Drew County Board of Education. Initiated Act No. 1 of 1948 (1949 Cumulative Pocket Supp. to Ark. Stats., 1947, §§ 80-426 to 80-429) authorized the creation of a county-wide school district composed of all districts with less than 350 pupils enumerated on March 1, 1949, but reserved the right of annexation and reorganization in accordance with existing law prior to that date. The Jerome district had less than 350 pupils enumerated.

Prior to January 24, 1949, a petition was filed with the county boards of education of Drew and Chicot counties signed by more than 10 per cent of the qualified electors of the Jerome District requesting that a special election be held in said district for the purpose of its dissolution and annexation to Dermott School District in Chicot county or to Portland School District in Ashley county.

The Board of Directors of the Dermott District passed a resolution consenting to the annexation. Pursuant to notices published in Drew and Chicot county newspapers an election was held in the Jerome District on February 26, 1949, in which a majority voted for dissolution and annexation to the Dermott District. On February 28, 1949, the Drew County Board of Education met, declared the results of the election and made an order of annexation transferring the property and assets of the Jerome District to the Dermott District. The Chicot County Board of Education declined to take any specific action since no election was held in the Dermott District, but resolved that it had no opposition to the annexation.

Appellant, C. C. Gibson, Jr., is a resident of Drew County, a patron and board member of the Jerome District and one of the signers of the petition for the election. On March 3, 1949, appellant filed a petition before the Drew County Board of Education alleging the invalidity of the election of February 26, 1949, for the reason that the Dermott District did not petition for, nor conduct, an election for the purpose of annexing the Jerome District. The petition was denied by the Drew County Board and an appeal was granted to circuit court on the date of the filing of the petition.

At a hearing in circuit court on May 10, 1949, attorneys representing the Dermott District for the purpose of defending the action of the Drew County Board of Education filed a petition to dismiss the appeal on the following grounds: "(1) The appeal was not taken in the manner and within the time allowed by law; (2) The petition of C. C. Gibson, Jr., before the Drew County Board

of Education fails to state sufficient grounds to constitute a cause of action."

Following a hearing on the motion, the trial court indicated that the petition to dismiss should be sustained on the second ground urged, but appellant was given 30 days to present further testimony. At a second hearing on July 27, 1949, the trial court entered judgment dismissing the appeal and affirming the annexation order of the Drew County Board of Education made on February 28, 1949.

Appellant urges several grounds for reversal, but we are confronted at the outset with appellee's contention that the dismissal of the appeal by the circuit court should be sustained because no bond for appeal from the order of the Drew County Board of Education was filed as required by Act 183 of 1925 (Compiler's Note to Ark. Stats., 1947, § 80-213). While the circuit court dismissed on another ground, the appeal from the county board's order was subject to dismissal on the first ground set out in the motion to dismiss. In *Gibson* v. *Davis*, 199 Ark. 456, 134 S. W. 2d 15, we held that Act 183, *supra,* was controlling as to appeals from county boards of education. The Act provides that an aggrieved party may appeal from a final order of the board within 30 days by filing the affidavit and bond prescribed in the Act. Appellant filed an affidavit for appeal, but did not file the bond required under the Act. In *Cypress Ridge School Dist. No. 3* v. *Morris,* 213 Ark. 192, 209 S. W. 2d 689, we said: "The express provision requiring appeal bonds in school election contests (except as limited by the Act of 1943) is controlling, and is jurisdictional." See, also, *Lynn School Dist. No. 76* v. *Smithville Dist. No. 31,* 213 Ark. 268, 211 S. W. 2d 641.

Although not abstracted, the record reflects that a bond for costs was filed by appellant with the circuit clerk on September 26, 1949. This was done several months after the time specified in Act 183, *supra,* and after rendition of final judgment in circuit court.

It follows that the circuit court did not err in dismissing the appeal from the order of the Drew County

Board of Education and the judgment is, therefore, affirmed.

GRIFFIN SMITH, C. J., not participating.