PORTLAND SCHOOL DISTRICT No. 4 *v.* DREW COUNTY
BOARD OF EDUCATION.

4-9308                                            233 S. W. 2d 66

Opinion delivered October 16, 1950.

*Gibson & Gibson* and *Paul Johnson,* for appellant.

*John Baxter, DuVal L. Purkins* and *Williamson & Williamson,* for appellee.

ED. F. McFADDIN, Justice.    The present case is a phase of the same litigation that was before us in the case of *Gibson* v. *Board of Education of Drew County* (No. 9195, decided May 29, 1950, *ante,* p. 386, 230 S. W. 2d 44).    To aid in an understanding of the present case, it is proper to consider background information, and then the two cases prior to this one.

When Initiated Act No. 1 of 1948 [1] was adopted many small Districts undertook to accomplish annexation to larger Districts prior to March 1, 1949.   One such small District was Jerome District No. 22 (hereinafter called "Jerome") which embraced territory in both Drew and Chicot Counties and was administered by the County Board of Education of Drew County by virtue of § 80-414, Ark. Stats. 1947, which says, *inter alia:* ". . . For all school purposes such district, situated in two or more counties, shall be a part of the county in which is situated the largest number of inhabitants of the territory affected."

---

[1] For the terminology in a discussion of this Act, see *Stroud* v. *Fryar*, 216 Ark. 250, 225 S. W. 2d 23.

On one side of Jerome was the Dermott School District (hereinafter called "Dermott") in Chicot County; and on another side was the Portland School District (hereinafter called "Portland") in Ashley County. Dermott was a "large" District, as also was Portland; and each was anxious to secure the annexation of Jerome. The record reflects that representatives of each large District met with the patrons of Jerome at a public meeting; and each representative extolled his District and the benefits Jerome would receive from annexation to his District. Accordingly, there was filed with the Drew County Board of Education (hereinafter called "Drew County Board") a petition, signed by ten per cent of the qualified electors in Jerome, praying that an election be held in Jerome to determine whether it would be annexed to Dermott or Portland. The procedure invoked was under § 80-414, Ark. Stats. 1947.[2]

The election, sought by the petition, was held on February 26, 1949; and the result was: 49 for annexation to Dermott; 34 for annexation to Portland. The Dermott School Board certified to the Drew County Board Dermott's desire to have Jerome annexed.[3] The Chicot County Board of Education likewise passed a resolution, expressing understanding of, and agreement to, the annexation to Dermott. The County School Supervisor of Chicot County expressed it: ". . . On the entire matter, it is, and was, the intent and feeling of the Chicot County Board of Education to concur and acquiesce in the action of the Drew County Board of Education in ordering the annexation of Jerome . . . to Dermott. . . .." This resolution was sufficient under our holding in *Acklin* v. *Jackson County Board of Education*, 212 Ark. 422, 206 S. W. 2d 745. Accordingly, on

[2] The case of *Arnold* v. *Snellgrove*, 198 Ark. 14, 127 S. W. 2d 125, held that this section (then § 11486 Pope's Digest) applied to dissolution of multi-county Districts, as well as to formation of such Districts.

[3] Of course it was unnecessary under § 80-414, Ark. Stats. 1947, to have an election on this matter in the Dermott District or the Portland District. The school boards of these Districts could act without an election. See *Acklin* v. *Jackson County Board of Education*, 212 Ark. 422, 206 S. W. 2d 745; and see also *Fomby School District No. 26* v. *Williams*, 203 Ark. 235, 156 S. W. 2d 220.

February 28, 1949, the Drew County Board canvassed the result of the February 26th election and adopted a resolution annexing Jerome to Dermott; and all of this was accomplished before March 1, 1949.

## FIRST CASE

So much for the background information. C. C. Gibson, a resident and patron of Jerome, undertook to appeal to the Drew Circuit Court from the said order annexing Jerome to Dermott. Such attempt to appeal was Case No. 1627 in the Drew Circuit Court. We refer to this as the "first case."

While the said Case No. 1627 was pending in the Drew Circuit Court, it occurred to some well-meaning person that possibly because of Initiated Act No. 1 of 1948 the State Board of Education might have jurisdiction to decide to which large District—as between Dermott and Portland—Jerome should be annexed, since Jerome embraced territory in two counties.[4] Thereupon, Hon. John M. Golden, the Judge of the Tenth Judicial Circuit, which includes Drew County, on July 5, 1949, wrote the State Board of Education a letter to the effect that he had no objections to any efforts by the State Board to settle the controversy if acceptable to all parties concerned. Accordingly, the State Board of Education, by resolution of July 11, 1949, undertook to annex Jerome to Portland, rather than to Dermott.

But the Case No. 1627 was still pending in the Drew Circuit Court; and when the resolution of the State Board was presented to the Drew Circuit Court in the said case, then being heard before Judge Golden, some of the parties refused to concede that the State Board of Education had power to adopt its said resolution. Ac-

---

[4] The language in said Initiated Act No. 1 of 1948 (Acts 1949, p. 1414), evidently thought to be germane to such idea is that in § 3 thereof, reading: ". . . Provided that if any territory shall be annexed to a district administered in another county the question of annexation shall be submitted to the State Board of Education. If in the judgment of the State Board of Education the proposed annexation should be made, it shall adopt a resolution making the annexation. The resolution shall describe by metes and bounds each district affected by the annexation, and a copy of said resolution shall be sent to the County Clerk of each county affected who shall record same."

cordingly, the Drew Circuit Court on July 25, 1949, refused to enter an order in accordance with the State Board's resolution and entered judgment dismissing Gibson's appeal; and we affirmed in *Gibson* v. *Board of Education of Drew County, ante,* p. 386, 230 S. W. 2d 44. So the "first case" became final.

### SECOND CASE

On September 8, 1949, the Portland School District and its directors filed Case No. 1643 in the Drew Circuit Court, naming the Drew County Board as defendant. We refer to this as the second case. It was in effect a petition for *writ of certiorari,* seeking to have the order of the Drew County Board of February 28, 1949 (annexing Jerome to Dermott) quashed as null and void; and was filed after the resolution of the State Board, as previously mentioned, and after the final judgment of the Drew Circuit Court in the first case, and while the first case was pending appeal to the Supreme Court. Dermott intervened in the second case and, together with the Drew County Board, resisted the claim of Portland.

On September 29, 1949, the Drew Circuit Court heard the cause both on documents and the testimony of seven witnesses (whose testimony has not been preserved), and the Court found, *inter alia:*

"1.   That the Order of the Drew County Board of Education made February 28, 1949, annexing Jerome School District No. 22 of Drew and Chicot Counties, Arkansas, to Dermott Special School District of Chicot County, Arkansas, is not void on its face and that the Drew County Board of Education in rendering said Order acted within the jurisdiction and authority vested in it by law;

. . . . .

"3.   That plaintiffs, had they proceeded in apt time, could have appealed from the Order of the Drew County Board of Education made February 28, 1949, annexing Jerome School District No. 22 of Drew and Chicot Counties, Arkansas, to Dermott Special School District of

Chicot County, Arkansas, and not having done so, are now barred from maintaining this action, which is in the nature of a proceeding for *certiorari* to serve in lieu of an appeal.''

Thereupon, on September 29, 1949, the Drew Circuit Court dismissed Portland's complaint, and there has been no appeal from that order: so the ''second case'' has become final.

### THIRD CASE

After the decision of the Circuit Court in the first case, and evidently in order to show its adherence to the Court ruling rather than the State Board's ruling, the Drew County Board on September 9, 1949, adopted a resolution in effect reaffirming its action of February 28, 1949, which action had annexed Jerome to Dermott. From that resolution of September 9, 1949, C. C. Gibson (the same party who was in the first case) attempted to appeal to the Drew Circuit Court on the theory that the resolution of September 9th was a new decision by the Drew County Board and gave him a new right of appeal; and such attempted appeal to the Circuit Court becomes the ''third case'' in this involved litigation. It was numbered Case 1647 in the Drew Circuit Court. Portland intervened to support Gibson, and Dermott intervened to support the Drew County Board in opposition to Gibson and Portland.

In the trial of this third case in the Circuit Court, there was introduced in evidence all of the record in the first case and all of the judgment and exhibits (but without the oral testimony) in the second case. Portland and Gibson contended that the resolution of the State Board of July 11, 1949, was legal and valid and was a complete settlement in favor of Portland. Dermott and the Drew County Board contended that the State Board had no jurisdiction to make its resolution and that the proceedings in the first and second cases precluded Portland and Gibson from any relief in the third case. The Drew Circuit Court (Judge Gus W. Jones of the Thirteenth Circuit presiding on exchange of Circuits) decided the third

case in favor of the Drew County Board and Dermott; and from that judgment there is this appeal.

After a careful study of the excellent briefs filed by both sides, we conclude that the Circuit Court was correct in the judgment in this third case. The State Board of Education in its resolution of July 11, 1949, though motivated by the best of intentions, was, nevertheless, acting on subject matter that did not exist, because such subject matter—i. e., the Jerome District—had ceased on February 28, 1949.[5] Prior to March 1, 1949, the Drew County Board of Education had entered an order which was legal and valid on its face, and which annexed Jerome to Dermott. Therefore, unless the annexation order of February 28, 1949, was held illegal—and it was not so held—there was, on and after March 1, 1949, no "small District" of Jerome in reference to which the State Board could take any action; because the Jerome District, by an order of the Drew County Board of Education, legal and valid on its face, had ceased to exist, and had become a part of Dermott. The correspondence between Judge Golden and the State Board was not for the purpose of divesting the Circuit Court of its jurisdiction, but rather to see if a settlement could be reached that would result in the end of litigation. When the resolution of the State Board was presented to the Court in the first case, it was apparent that some of the litigants would not agree to the resolution; so Judge Golden proceeded to hear the first case and rendered the judgment which dismissed the appeal of Gibson.

Gibson had his day in court in the first case. He failed to properly appeal from the February 28, 1949, resolution of the Drew County Board and is bound by the result of the first case. Portland also could have ap-

---

[5] The Initiated Act No. 1 of 1948 says in the second paragraph of section 1: . . . "It is the intent of this section to authorize, between the date of adoption of this Act and March 1, 1949, the reorganization or annexation of Districts which would be dissolved by this Act in accordance with existing laws governing reorganization or annexations." In *Stroud* v. *Fryar*, 216 Ark. 250, 225 S. W. 2d 23, we said: "From the adoption of the Initiated Act until March 1, 1949, each Small District was privileged to proceed towards annexation or consolidation independent of the Initiated Act."

pealed from the February 28, 1949, resolution if it had so desired, but it did not. Portland is also bound by the result of the second case. In the case of *Barber* v. *Barker*, 209 Ark. 704, 192 S. W. 2d 353, Mr. Justice McHANEY, in speaking of the necessity of invoking appeal rather than some other remedy, used this very clear language in a case involving school consolidation, to-wit:

"If appellants are making an attack on the regularity or the legality of the proceedings taken to effectuate the consolidated district, they have adopted the wrong procedure. No appeal was taken from the action of the County Board of Education to the circuit court which is the correct procedure in such a case. This was the procedure followed in *Sugar Grove School Dist. No. 19* v. *Booneville Special School Dist. No. 65*, 208 Ark. 722, 187 S. W. 2d 339."

Also in our opinion in *Gibson* v. *Board of Education of Drew County, ante,* p. 386, 230 S. W. 2d 44, we pointed out the Statute governing appeals from the County Board.

So we hold that the third case, *i. e.*, the one now before us, is merely an attempt by Gibson and Portland to re-try issues that were, or should have been, settled in the first and second cases.

Affirmed.