VAUGHT *v.* FREY.

4-9586

243 S. W. 2d 384

Opinion delivered November 12, 1951.

Rehearing denied December 3, 1951.

*William H. Donham*, for appellant.

*Clark & Clark,* for appellee.

ROBINSON, J. On the 21st day of December, 1948, acting on a petition purported to have been signed by a majority of the qualified electors of Houston School District No. 39 and Bigelow School District No. 17, the County Board of Education of Perry County consolidated the districts into East End District No. 1. No appeal was taken from the order of consolidation.

On the 20th day of December, 1949, acting on the petion of Hubert Jones, Jim Vaught, and C. A. Lively, the

County Board of Education made an order attempting to rescind its action consolidating the districts. This action of the Board was appealed to the Circuit Court and there it was held that the setting aside by the district of its order of consolidation was not authorized by law and was void. No appeal was taken from the judgment of the Circuit Court.

On the 15th day of February, 1950, the present case was filed in the Chancery Court. It is alleged, among other things, that the original petition for the creation of East End District No. 1 was not signed by the requisite number of qualified electors; that the signatures on the petition were obtained by fraud; and that the action of the Board in creating the district was void *ab initio*. A demurrer to the complaint was filed and overruled by the court, and upon a hearing on the merits, the complaint was dismissed.

Appellant contends that the undisputed proof shows a majority of the qualified electors did not sign the petition as required by the Statute, and that the County Board of Education, therefore, had no jurisdiction to act on the petition. Records of the County Board of Education show filing of the petition to have been advertised as required by law and that the petition contained the signatures of a majority of qualified electors of the districts involved.

Section 80-408, Ark Stats., provides that "appeals may be taken to the Circuit Court from the findings of the board on the ground that the requisite number of electors have not signed the petition, or because the notices herein required were not given. The findings of the County Board of Education otherwise will be conclusive . . ." If an appeal is not taken to the Circuit Court from the findings of the Board on the ground that the requisite number of electors have not signed the petition, then the finding of the Board on that question is conclusive. There is no ambiguity in the language of the Statute, and there is no question about the constitutionality of the provision. No appeal was taken from the Board's finding that a majority of electors had signed the petition.

In the case of *Pharr* v. *Knox*, 145 Ark. 4, 223 S. W. 400, the complaint alleged "that the order of judgment of the said Lincoln County Court creating and establishing said road improvement district was procured by fraud, collusion, and mistake," and "that said county court was without jurisdiction, for the reason that said petition did not have a majority in numbers, acreage or value." Mr. Justice WOOD, speaking for this Court, said:

"The 4th ground [the one challenging the jurisdiction of the court on the ground that the petition did not have a majority in numbers, acreage or value] could not be made the basis for a suit in equity for setting aside the judgment of the county court creating the district. This ground constituted but a collateral attack upon the judgment of the county court creating the district, which is expressly forbidden by section 3 of the act under which the district was created . . . The appellants here are parties to the proceedings, and some of them signed the petition. The act itself, under which this district was created, furnished appellants a complete and adequate remedy at law."

In the instant case, the appellant, who was one of the signers of the original petition, further contends that the act of the County Board in creating the district is void because of fraudulent representations with respect to the funds on hand to be used in the construction of a new school building. But, the petition shows on its face "it is agreed and understood that the directors and officers of the new school district will erect a high school building in some suitable location between the town of Bigelow and the town of Houston, Arkansas, to be purchased as soon as the funds can be made available for the same."

In *Pharr* v. *Knox*, the Court said: "The false and fraudulent representations, set up by one of the affiants, upon which signatures to the petition are said to have been obtained, were not statements of past or existing facts and were not such fraudulent representations as entitled appellants to have the judgment creating the district declared invalid. The appellants had no right to rely upon

such representations." Likewise, in the case at bar, there is no evidence of false representations that would void the creation of the district.

The decree is correct and, therefore, affirmed.