CHARLES D. HILL ET AL *v.* LEE COUNTY BOARD OF
EDUCATION ET AL

5-4430                                         419 S. W. 2d 807

Opinion delivered October 30, 1967

*Forrest E. Long* and *Giles Dearing,* for appellants.

*Daggett & Daggett,* for appellees.

GEORGE ROSE SMITH, Justice. This is a suit filed in
the chancery court by the appellants, patrons of Moro
School District B, to enjoin the Lee County Board of
Education from putting into effect an order by which
that Board consolidated the Moro District with Mari-
anna School District A. The chancellors sustained the
Board's motion to dismiss the complaint for want of
jurisdiction, holding that the plaintiffs should have ap-
pealed from the Board's order of consolidation to the
circuit court.

Petitions for consolidation of the two districts were

filed with the Board. That body, purportedly acting under Ark. Stat. Ann. § 80-408 (Repl. 1960), gave notice that the petitions would be heard on May 15, 1967. On that date the appellants appeared to protest the consolidation, but the Board voted unanimously to merge the two districts.

No appeal was taken from the Board's order. Instead, the appellants filed this suit in chancery, alleging in substance that the petitions for consolidation were not signed by a majority of the patrons of the Moro District. It is the appellants' theory that Section 80-408, providing for an appeal to the circuit court, was repealed by Act 21 of the Second Extraordinary Session of 1965. (Act 21 is not included in the Arkansas Statutes Annotated, for the reason that the compiler considered it to be temporary legislation. See Volume 8, Tables, p. 487.)

At the outset there can be no doubt that if Section 80-408 is still in force, the appellants have mistaken their remedy. That statute declares in explicit language: "Appeals may be taken to the Circuit Court from the findings of the board on the ground that the requisite number of electors have not signed the petition, or because the notices herein required were not given." The appeal must be taken within thirty days. Section 80-236; *McLeod* v. *Richardson*, 204 Ark. 5, 163 S. W. 2d 166 (1942); *Gibson* v. *Davis*, 199 Ark. 456, 134 S. W. 2d 15 (1939). The remedy by appeal is adequate and exclusive. *Vaught* v. *Frey*, 219 Ark. 525, 243 S. W. 2d 384 (1951); *Portland Sch. Dist. No. 4* v. *Drew County Bd. of Education*, 217 Ark. 725, 233 S. W. 2d 66 (1950).

We are firmly of the opinion that Act 21 did not repeal Section 80-408. Act 21 provided for a comprehensive review of the public school system throughout every county having two or more school districts. Section 3 of Act 21 created a County School Study Commission composed of three members from each local school board and three members from the county board

of education. By Section 4 of the act the Study Commission was directed, not later than August 1, 1966, to prepare a preliminary plan for the reorganization of school districts within the county. A public hearing was to be held not later than October 1, 1966. Thereafter, not later than March 1, 1967, the Study Commission was required to approve a reorganization plan and submit it to the State Board of Education. By Section 7 of Act 21 ten percent of the voters in the districts affected by the plan could petition for a special election at which the electors in the affected districts could approve or reject the plan. Section 13 of Act 21 had this repealing clause: "This Act is intended to be cumulative and not to have the effect of repealing any laws or parts of laws not in irreconcilable conflict herewith. All laws and parts of laws in irreconcilable conflict herewith are hereby repealed."

There is no irreconcilable conflict between Act 21 and the pre-existing school laws. In fact, there is no conflict at all. The two statutory schemes are intended to accomplish two different purposes and may co-exist side by side. Act 21 provided for a county-wide study and plan of reorganization that might well affect every school district in the county. It could be put into effect only on petition of ten percent of the voters in the affected districts and by a majority vote of the electors in those districts.

By contrast, Section 80-408 deals with day-to-day matters that often involve only one or two districts. Under that statute the county board of education may form a new district, dissolve an old one, consolidate two or more districts, or detach territory from one district and add it to another. It is clear that if Act 21 were the sole method of reorganizing school districts, as the appellants contend, there would be a serious, even tragic, omission in the school laws as a whole. That is, there would be no way for a county board to make adjustments, such as the transfer of territory from one district to its neighbor, however badly such adjustments

might be needed. Quite obviously such purely local matters ought not to depend for accomplishment upon county-wide action. We conclude that there is no irreconcilable conflict between the earlier statutes and Act 21, whether it be regarded as temporary or permanent legislation.

Affirmed. For good cause shown an immediate mandate will issue.