Marsha MORGAN et al *v.*
Horace WILLIAMSON et al

80-90                                    600 S.W. 2d 14
Supreme Court of Arkansas
Opinion delivered June 9, 1980

*John Norman Warnock*, for appellants.

*William I. Prewett*, for appellees.

JOHN I. PURTLE, Justice. The Chancery Court of Union County dismissed the appellant-taxpayers' complaint alleging the action of the Board of Directors of the Lawson School District No. 71 and the Union County Board of Education illegally ordered consolidation of the Lawson School District No. 71 with the El Dorado School District No. 15.

On appeal appellants argue the trial court erred in: (1) not voiding the order of consolidation because the Lawson district was geographically more contiguous to the Old Union District No. 2 than the El Dorado district; and, (2) failing to find the merger should have been effected through the election process.

We believe the chancellor made the correct decision on both assignments of error.

On March 23, 1978, the Board of Directors of Lawson School District No. 71 petitioned the Union County Board of Education to abolish the Lawson district at the end of the 1977-78 school year and annex it with another district. This action was necessary because Lawson School District could not comply with the provisions of Act 229 of 1969 (Quality Education Act).

On April 18, 1978, the Union County Board of Education annexed the Lawson district to the El Dorado district with the annexation to be effective on July 1, 1978. The county board of education ordered all assets and liabilities of the Lawson district to be transferred to the El Dorado district.

Some of the appellants were aware of the action of the boards of education in April of 1978. At that time, there was still adequate time to appeal the order of the county board of education. Ark. Stat. Ann. § 80-236 (Repl. 1960) provides for

appeal of an order from the county board of education within 30 days. To the same effect, see *Hill* v. *Lee Co. Bd. of Ed.*, 243 Ark. 326, 419 S.W. 2d 807 (1967).

On May 1, 1979, appellants filed the present taxpayers' action in the Union County Chancery Court. They sought to nullify the action taken in 1978 by the Lawson and Union County Boards of Education and to restore the Lawson district together with its assets. They further requested an election to be held in the Lawson district to determine whether the patrons wished to merge with Old Union School District No. 2 or El Dorado School District No. 15.

Appellants' argument in chief is that the Lawson district was geographically more contiguous to Old Union School District No. 2 because it had 18 to 20 miles of common boundary whereas the El Dorado District No. 15 had only three miles of contiguous boundary line. They also argue rather forcefully that the Lawson voters should have been allowed to vote on the merger.

Act 229 of 1969, Ark. Stat. Ann. § 80-4601 — 4615 (Supp. 1979), otherwise known as the Quality Education Act of 1969, required the Lawson district to merge with another school district because of its lack of a proper rating. It is undisputed that the procedure utilized by the boards of education were authorized by the provisions of the Act 229. In fact, Ark. Stat. Ann. § 80-4612 (Supp. 1979) specifically authorized the action taken by the Lawson board and the county board in this matter. There was no appeal from the final order of the Union County Board of Education entered on April 18, 1978.

Although there may have been other avenues available to the Lawson district to use in dissolving the district, the board of education elected to proceed in accordance with Act 229 of 1969; and, we must hold that such action was legal. Whether it would have been a wiser course to use another method for consolidating the district is not before us because the appellant failed to appeal from the order of the Union County Board of Education dated April 18, 1978.

We have decided the case on the merits, although it could have been dismissed for want of chancery jurisdiction.

Affirmed.