SCHOOL DISTRICT No. 18 OF JACKSON COUNTY *v.* GRUBBS SPECIAL SCHOOL DISTRICT.

Opinion delivered November 30, 1931.

864

*Jones & Wharton*, for appellant.

*C. M. Erwin*, for appellee.

BUTLER, J. This case is here on appeal from a judgment of the circuit court affirming the action of the county board of education of Jackson County, by which School District No. 18 and a part of School District No. 27 were consolidated with the Grubbs Special. School District. The remonstrants, who are the appellants here, urged for a reversal of the case errors of the trial court in four particulars.

■ It is first insisted that the notice of the proposed consolidation, having been signed by only four petitioners, was not a compliance with the statute regulating the manner in which notices should be given, in that the notice should have been signed by all of the petitioners. That part of the statute which the remonstrants say justifies their contention is as follows: "Notice shall be given by the parties proposing the change." Section 8821 of Crawford & Moses' Digest.

In the recent case of *Nathan Special School District No. 4* v. *Bullock Springs Special School District No. 36*, 183 Ark. 706, 38 S. W. (2d) 19, we held that it was unnecessary for each signer of the petition to also sign a notice.

In that case the notice was signed by only four of the petitioners, as in the instant case, and it was contended there, as here, that the notice, having been signed by four only of the petitioners was insufficient. There we said: "The trial court properly held that the notice was sufficient and properly given. The only purpose which the notice serves is to inform those interested of the nature and effect of the proceeding and the date upon which it would be submitted for a hearing. Those of the petitioners who sign the notice do so for themselves and all the other signers."

■ The remonstrants urged as error the ruling of the trial court (a) that the signers were presumed to be qualified electors, and the burden was upon the remonstrants to show otherwise; (b) in permitting the "enumeration records" of the districts affected to be identified by the county superintendent and introduced for the purpose of showing the ages of certain signers of the petition whose names did not appear on the poll tax list; (c) in permitting a witness to testify as to the qualifications of two signers whose names did not appear on the poll tax list.

If it be conceded (which we deem it unnecessary to decide) that the court erred in its aforesaid ruling, no prejudice resulted. The court went very thoroughly into the question of whether or not a majority of the electors signed the petition. From the evidence considered by the court, it unquestionably appears, and the court found, that there were 194 qualified electors within the territory affected, and that a majority of the names of the signers appeared upon the official list of poll taxpayers, so that, if the testimony relative to those who became twenty-one years of age after the time for assessment had expired and that relative to those who had moved into the district and paid their poll taxes elsewhere in the State were improperly admitted, the petition would still have been signed by more than a majority of those whose qualifications were indubitably proved.

■ It is contended that the proceeding of the board was void because a member of the county board of education, Mr. Grant, who acted as chairman at the hearing of the petition, was one of its signers. To sustain this view, art. 7, § 20, of the Constitution is invoked, which is as follows: "No judge or justice shall preside in the trial of any cause in the event of which he may be interested, or where either of the parties shall be connected with him by consanguinity or affinity within such degree as may be prescribed by law, or in which he may have been of counsel or presided in any inferior court." The legal definition of "judge" is one who presides and administers the law in a court of justice. The word "justice" is one of broader signification and is a term used in the United States and England to designate judicial officers and magistrates of every grade. From a consideration of the language of § 20, in connection with the entire article, it is apparent that the words "judge" and "justice" were used in their legal sense and referred only to the judicial officers named in article 7.

It affirmatively appears from the record that Mr. Grant's attendance at the meeting of the board was not necessary to form a quorum of the county board of education which the court judicially knows consists of five members, and it appears from his testimony, which was all the testimony taken on that question, that Grant did not vote. He testified that it was not necessary to vote. He, however, acted as chairman at that meeting. The fact that he was a member of the county board of education did not preclude his signing the petition. In *Carroll* v. *Lemon Special School District,* 175 Ark. 274, 299 S. W. 11, where the sufficiency of a petition was challenged because it contained the name of one who was a member of the board of directors, in passing on that question, the court said: "There is nothing in the statute that prohibits a director from signing the petition if he is a patron, and we hold he may do so." So, in the case at bar, there is no statutory inhibition against a member of the school board signing a petition and no more reason

why he may not do so than a member of the board of directors. Although a member of the county board may sometimes be called upon to act in a *quasi* judicial capacity, he is neither a judge nor justice within the meaning of art. 7, § 20, *supra*, and the case of *Ferrell* v. *Keel*, 103 Ark. 96, 146 S. W. 494, cited by counsel for appellants, has no application here.

It is lastly the contention of the remonstrants, and one which counsel earnestly urge, that the appellee, Grubbs Special School District, is estopped to avail itself of the consolidation because of a contract entered into on June 3, 1911, by its president on the one part and two members of the school board of district No. 18 on the other, by which it was agreed that, for a consideration moving to it, the Grubbs Special School District should not in the future seek to acquire any of the territory of school district No. 18, or extend its boundaries so as to impair the area of the latter. This contention is not tenable for a number of reasons: first, it was not the Grubbs Special School District that was proceeding in this matter, but the qualified electors of the territory affected, which might have included not only electors residing in Grubbs Special School District, but also in district No. 18 and a part of district No. 27 as well; second, it does not appear that the president of Grubbs Special School District or the two members of the board of directors of district No. 18 were authorized by their respective school boards to enter into the contract; third, it also may be said that boards of directors can only enter into agreements which bind their several districts and the inhabitants thereof by reason of express statutory authority. *First Nat. Bank, etc.,* v. *Whisenhunt,* 94 Ark. 583, 127 S. W. 968. The authority of boards of directors existing June 3, 1911, the date of the alleged contract, is contained in § 8942 of the Digest, and that authority cannot be extended in any view of the case so as to empower boards to enter into a contract like the one before us. *Hatfield* v. *School Dist.,* 178 Ark. 260, 10 S. W. (2d) 374; *Rural Special School Dist.* v. *First Nat. Bank,* 173 Ark. 604, 292 S. W. 1012. There might have been reasons

for making the contract at the date of its execution, but, regardless of what such reasons may have been, a contract of that nature cannot stand, for to so say would be to put it beyond the power of the Legislature by any means to alter the territorial limits or boundaries of the district, regardless of new conditions which might arise making a change expedient. Therefore, if the parties executing the contract had been authorized to do so, their act was, and is, void.

Learned counsel for the remonstrants have cited a number of cases, both of this and other courts, holding that school districts, as *quasi* public corporations, are empowered to acquire and dispose of real property and to enter into contracts for the benefit of their respective districts, and that, where contracts are made by persons not authorized to do so, or which are voidable for some informality, the districts are estopped from contesting their validity where they had accepted and received the benefits arising therefrom. All the contracts with which those cases dealt, however, were such as the boards had power to make, but which have no application where the power in the first instance is lacking, as in the contract now under consideration. *Ark. Nat. Bank* v. *School District,* 152 Ark. 507, 238 S. W. 630.

In the brief for the remonstrants, no point is made that the evidence shows an abuse of discretion of the county board of education in ordering the consolidation. It was in testimony that the consolidation would be for the best interests of the children within the territory affected, and the county board so found. In reviewing this finding, the circuit court found that the evidence justified the finding of the board.

After a careful examination of the testimony and a consideration of the questions raised by the appellants, we conclude that there was no error committed by the trial court. Its judgment is correct, and it is therefore affirmed.