Fomby School District No. 26 *v.* Williams.

4-6225                                    156 S. W. 2d 220

Opinion delivered December 1, 1941.

*Carter & Smith, Barney & Quinn* and *John C. Finley, Jr.,* for appellant.

*C. E. Johnson, Shaver, Shaver & Williams* and *Byron Goodson,* for appellee.

McHaney, J.   This is a proceeding to form a new school district out of territory embracing several school districts in Little River county, including Ashdown School District No. 31, and a portion of Ben Lomond School District No. 1 in Sevier county, to be known as Ashdown

School District No. 31 of Little River and Sevier counties. Acting pursuant to the provisions of the second paragraph of § 11486 of Pope's Digest, petitions purporting to be signed by 10 per cent. of the qualified electors "in the territory affected praying therefor," were presented to the county courts of both counties and each court made an order calling a special election in the territory affected in each county. The petition presented to the Little River county court contained this provision: "It being expressly understood that standard junior high schools, as the same may be classified by the State Department of Education, shall be maintained and operated at Ben Lomond in Sevier county and at Wilton in Little River county." The petitions filed with the Sevier county court omitted the above quoted paragraph.

The election was held as called in the territory affected, the returns were canvassed by both county judges, and it was found that 386 votes were cast for the formation of the new district and 261 votes against. The vote in the several districts being:

|  | For | Against |
|---|---|---|
| Peytonville School Dist. No. 5 | 0 | 16 |
| Hicks School Dist. No. 8 | 5 | 27 |
| Hopewell School Dist. No. 10 | 3 | 17 |
| Wilton School Dist. No. 16 | 39 | 119 |
| Fomby School Dist. No. 26 | 4 | 24 |
| Ashdown School Dist. No. 31 | 299 | 19 |
| Absentee votes | 15 | 0 |
| Ben Lomond School Dist. No. 1 | 21 | 39 |
| Total | 386 | 261 |

Thereafter the respective county courts declined to make an order transferring the territory in their respective counties into the new district for the reason that some of the districts, in fact all of them except Ashdown, failed to vote a majority in favor of the proposal. Thereupon, appellees appealed from the action of the county courts to the circuit court, where the action of the county courts was reversed, and the case is here on appeal. There was also an appeal to the circuit court by all the districts, ex-

cept Ashdown, from the order of the county courts calling the special election on the question. The circuit court held that the calling of the election, in the first instance, rested in the sound discretion of the county courts.

For a reversal it is first argued that the following language of § 11486 of Pope's Digest: "Such a district embracing territory in two or more counties may be formed by a majority vote of the qualified electors residing in the territory affected voting on such question," does not mean what it says literally, but that, when considered with other sections, it means or should mean a majority vote in each district affected; that the words "territory affected" means each school district. We cannot agree with this contention. It seems certain that the legislature knew what it was doing in enacting what is now § 11486 of Pope's Digest, relating to the formation of school districts in two or more counties. Sections 11477, 11481, and 11488 of Pope's Digest relate to districts in a single county. Section 11481 provides that, for the formation of a new district, or the dissolution of other districts, or the annexation of territory, a petition signed by a majority of the qualified electors in each district must be had, if the order is sought upon a petition. But, by § 11482, the same thing may be done by election upon a petition therefor signed by 10 per cent. of the qualified electors "in the territory affected," but the vote at the election, if called, must be a majority in each district, as provided by § 11477. Section 11488 relates to the power of the county court to dissolve any school district and annex its territory to another district, which requires a petition of a majority of the qualified electors in the district to be dissolved and the consent of the board of directors of the district to which it is to be annexed.

The section here under consideration (11486) provides two methods of creating districts in two or more counties: One by a petition containing a majority of the qualified electors "in the territory affected," and the other by a petition of 10 per cent. of such electors for an election. In this case, they chose the latter method. But in either case only a majority of the qualified elec-

tors "in the territory affected" is required, and not a majority in each district as is required under sections relating to districts in a single county. So, we cannot say that the legislature did not mean what it plainly said as to districts in two or more counties.

Appellants cite and rely upon the case of *Crawford County Board of Education* v. *Schaberg School District No. 69,* 186 Ark. 465, 53 S. W. 2d 995. We do not think that case has any bearing here, because we said the provisions of § 11486 were not available to appellants in that case "for the reason that in reality it was not sought to form a district embracing territory in two counties." There the Mountainberg district in Crawford county sought to take over two other districts in the same county without their consent by including two sections of uninhabited land in Washington county, which was a subterfuge to avoid the necessity of getting the consent of the two other districts. We have no such situation here. On the contrary, the territory in Sevier county is a substantial part of the Ben Lomond district, the other part of which has been consolidated with Mineral Springs district in Howard county, and, so far as we are advised there is no objection to that consolidation.

Another point urged for a reversal is that the act, § 11486, Pope's Digest, vests discretion in the county courts, and that a fair exercise of such discretion is not open for review on appeal. Such discretion is vested in the county courts in case the procedure is by a petition signed by a majority of the qualified electors, but in case the procedure is by a petition for an election on the question, then the only discretion vested by said section is in calling the election, for it is provided that they "may, according to their best judgment, call a special election to vote on the question," etc. Thereafter, there is no discretion, for the statute says that, if a canvass of the returns show that a majority of the votes cast are in favor of the new district, the county courts "shall issue an order transferring the territory affected," etc. So, there is no discretion left after an election with a favorable vote. The people have spoken then and it was the duty of the courts to make the appropriate order. In

this connection appellants rely upon *Rural Special School District No. 17* v. *Special School District No. 56*, 123 Ark. 570, 186 S. W. 70, where it was held that the county court had a discretion under a statute providing that the "county court shall annex contiguous territory," etc., when a majority of the legal voters of the territory and the board of directors of the annexing district shall so petition. We think this case is not controlling on the question for the reason the statute now under consideration vests the discretion in the county courts as to whether such election shall be called, and excludes it thereafter.

Another question argued is that the petitions circulated in Little River county stated that standard junior high schools should be maintained at Ben Lomond and Wilton, but was omitted from the Sevier county petitions, the ballots and the published notice of the election. The trial court held that such provisions would be mere surplusage in the absence of proof of fraud. We agree with that holding. There is no showing that such a provision was inserted in the petitions to deceive or mislead any one, or other than in good faith. There is no showing that any one was induced to sign said petition because thereof, or that any one voted in said election in reliance thereon. Of course such a provision on the petitions could not bind the board of directors to maintain said schools. *Bonner* v. *Snipes*, 103 Ark. 298, 147 S. W. 56, is directly against appellants on this point.

Other questions are argued, including the fact that Ashdown has a bonded debt of some $128,000, whereas the other districts have little or no indebtedness. That fact could not avoid the proceedings otherwise regular. We have carefully considered all the points presented and find them without substantial merit.

The judgment is accordingly affirmed.