HALE *v.* HOPE SCHOOL DISTRICT No. 1-A.

4-8418                                            208 S. W. 2d 431

Opinion delivered February 16, 1948.

916

*L. L. Mitchell* and *W. F. Denman,* for appellant.

*W. S. Atkins* and *Lyle Brown,* for appellee.

McHANEY, Justice.   Piney Grove School Dist. No. 17 is a large rural school district in Hempstead county and appellants are electors residing therein.   On September 14, 1945, a petition was filed with the Hempstead County Board of Education signed by Otto Sisson and other electors of said district, praying that said Board call a special election therein to determine the question of whether said district should be dissolved and its territory annexed in part to Hope Special School District No. 1-A, and in part to Blevins School District No. 2, said petition particularly describing the parts of said territory to be so annexed.   The latter two districts are the appellees here.

The County Board heard the petition and ordered the election held on October 4, 1945.   The election was held in Piney Grove as ordered and the results certified to the County Court to cast up the returns.   The court found that a majority had voted against dissolution and annexation.   An appeal was taken to the County Board and after a hearing it was determined by said Board that a majority had voted in favor of dissolution and annexations, and, based on this finding and resolutions of acceptance filed by the boards of directors of appellee districts, the County Board entered an order dissolving Piney Grove and annexing its territory to appellee districts as prayed.   From this order an appeal was taken to the Circuit Court, where, on October 11, 1946, the court held the order of the County Board void on the ground that no petitions for elections and no elections held in the two annexing districts, appellees.   No appeal was taken from the judgment of the Circuit Court.

While said appeal was pending in the Circuit Court, and, on or about May 22, 1946, petitions were filed by appellee districts with the County Board praying that an election be called in each district to determine whether the electors in each district favored the annexation of part of Piney Grove to it. The County Board found the petitions to be sufficient and ordered an election to be held in each district on June 22, 1946. The elections were held as ordered, returns made to said Board and it found that a majority favored annexation, and, on October 22, 1946, entered an order dissolving Piney Grove and annexing its territory as prayed. An appeal was taken to the Circuit Court, where, on April 11, 1947, the order of the County Board was affirmed. This appeal followed.

The facts as stated above were stipulated. The election in the Piney Grove District was held on October 4, 1945. Elections were held in each of the appellee districts on June 22, 1946. It is the contention of appellants that the elections in all three districts would have to be called and held at the same time under the provisions of § 11482 of Pope's Digest, which provides: "The county court, upon a petition of ten per cent of the qualified electors in the territory affected, may submit to the electors at the annual election or at a special election the question of a change of boundaries, or the formation of a new district, or the dissolution of a district and the annexation of the territory thereof to another district, as provided for in § 11477, and shall canvass and publish the results of such election of the annual election. Any contests of such elections may be made within the time herein provided for contesting school elections, and not thereafter." It is insisted that the words in said section "in the territory affected" necessarily includes the annexing districts as well as the district to be dissolved, that all three districts in this case constitute "the territory affected."

In *Fomby Special School District No. 26* v. *Williams*, 203 Ark. 235, 156 S. W. 2d 220, we held that the words "territory affected," in § 11486 of Pope's Digest, providing for the creation of school districts of territory

in two or more counties, do not mean each district affected, that is, that it does not require the vote of a majority in each district, but a majority in the whole territory affected. In that case we further held that §§ 11481 and 11482 had reference to dissolutions and consolidations, etc., of territory in a single county; that under § 11481 it could be by petitions signed by a majority in each district, or it could be by elections under § 11482. We there said: "But by § 11482 the same thing may be done by election upon a petition signed by 10 per cent of the qualified electors 'in the territory affected,' but the vote at the election, if called, must be a majority in each district, as provided by § 11477."

So, we conclude that, if the procedure, as here, was under § 11482, the elections in all the districts, "the territory affected," would have to be held at the same time. Not having been so held the order of dissolution and consolidation is void, and the court erred in not so declaring it.

The judgment is reversed and remanded with directions to quash the order of the County Board of October 22, 1946.