BROWN *v.* GARDNER.

5-2124                                   334 S. W. 2d 889

Opinion delivered May 9, 1960.

*Gordon & Gordon,* for appellant.

*R. S. Dunn,* for appellee.

Jim Johnson, Associate Justice. This case involves the violation of an agreement which was made in order to accomplish the consolidation of two school districts.

In 1947 a majority of the qualified electors of Cherry Hill School District No. 21 of Perry County signed a petition requesting that that District be dissolved and the territory annexed to Perryville School District No. 7 of Perry County. Prior to the signing of the petition the electors and patrons of the Cherry Hill School District had an agreement with the School Board of the Perryville School District that a ward school with one teacher would be maintained at Cherry Hill schoolhouse so long as at least ten students were in average daily attendance at said ward school.

On August 26, 1947, the Perry County Board of Education entered its order dissolving the Cherry Hill District. In accordance with the agreement and the order of the County Board of Education, the School Board of the Perryville District continued to maintain the ward school at Cherry Hill until the opening of school on August 31, 1959. At that time the Perryville School Board refused to maintain the ward school at Cherry Hill and forced the students to attend school at Perryville.

The plaintiffs, who are qualified electors and patrons of Perryville School District No. 7, and also qualified electors and patrons of what was formerly Cherry Hill School District No. 21, filed suit against the Directors and Superintendent of the Perryville School District to require them to continue to operate the ward school at Cherry Hill, and in the alternative, asking that the order of the County Board of Education dissolving the Cherry Hill District and annexing said District to the Perryville District be set aside, and the Cherry Hill District be restored as it was prior to the order of the County Board of Education.

The defendants demurred to the complaint on the ground that the complaint, as amended, did not state

a cause of action. The Chancery Judge sustained the demurrer and dismissed the complaint. The plaintiffs bring this appeal alleging error by the trial court in sustaining the demurrer and dismissing the complaint.

The appellants urge that the agreement to operate the ward school at Cherry Hill was a condition to the annexation and that this agreement was made a part of the order of the County Board of Education when they dissolved the district. It is true that the agreement was made a part of the order of the County Board of Education. It is further true that ethics is on the side of appellants. Even so, our research reveals the cold letter of the law to be on the other side. This being so, we have no choice but to find contrary to appellants position. School District Directors can only enter into agreements which bind their districts and the inhabitants thereof by reason of express statutory authority. *School District No. 18 of Jackson County* v. *Grubbs Special School District,* 184 Ark. 863, 43 S. W. 2d 765. A person contracting with a Board of Education is presumed to know the limitations of its powers and can acquire no right by contract which said board is not clearly authorized to make. *Rural Special School District No. 50* v. *First National Bank,* 173 Ark. 604, 292 S. W. 1012.

There is no statutory authority giving school directors the power to enter into contracts agreeing to maintain a school at a certain place indefinitely. The powers of school directors are conferred by law for public purposes, and the exercise thereof, involving as it does a matter of future policy properly subject to change to meet changing conditions, cannot be restricted by an agreement of the nature of the one here involved. To hold otherwise would create a school at Cherry Hill not subject to change by anyone as long as the condition is met.

Based upon this reasoning, appellants' remaining contention that the action of the Perryville School Board is in the nature of a collateral attack on the order of annexation made by the County Board must also fail since the part of the order concerning the future opera-

tion of the Cherry Hill School was void because the school board possessed no authority to make the agreement.

Equity being bound to follow the law, we conclude that the decree of the Chancellor must be affirmed.