BATES *v.* ORR.

5-3055                                                 367 S. W. 2d 122

Opinion delivered April 29, 1963.

*Ponder & Lingo,* by *Harry L. Ponder,* for appellant.

*Mehaffy, Smith & Williams, Friday & Bowen,* for appellee.

*Caldwell T. Bennett* and *Carmack Sullivan, Amici Curiae.*

PAUL WARD, Associate Justice. This litigation stems from the consolidation of two school districts in Sharp County. Presently set out is a summary statement of the pertinent facts involved.

On December 4, 1962 the electors of Hardy School District No. 38 and Ash Flat School District No. 4 approved (by a vote of more than four to one) the consolidation of said school districts into one district to be known as Highland School District No. 42. This proceeding was had under Act 125 of 1961, being Ark. Stats. §§ 80-446 *et seq.* The ballots used in both districts were identical except that the ballots for each district were designated by its appropriate name.

The ballots contained two proposals to be voted upon. *One,* consolidation, stating that the new consolidated school facilities would be located upon the "Moody, Pogue and Wiles property," upon which "options have been secured"; *Two,* submission of a 41 mill school tax including

"... (a) 25 mills for the maintenance and operation of schools; and (b) 16 mills of this tax is to be collected annually and will constitute a continuing annual levy until the payment in full of the principal and interest of a proposed bond issue of $264,125, which will run approximately 22 years and will be issued for the purpose of erecting and equipping new school buildings, making improvements and additions to existing school facilities, acquiring a site, and refunding $14,113 in outstanding school indebtedness."

Following proper certification of the election, the directors of the two districts met and proceeded to operate as one board for the new district, as is provided in the Act. It proceeded to advertise and sell school bonds in the amount of $264,125. Delivery of the bonds was held up pending our decision on certain objections arising out of the entire proceedings. According to appellant's statement on appeal, the principal objection raised was that the directors of District No. 42 decided to locate the school facilities on property other than the Moody, Pogue and Wiles property. This point, along with four others,

is relied on by appellant for a reversal of the trial court which approved the consolidation proceedings, the issuance of the bonds, and the substituted site for the school facilities.

The matter reaches this Court in the following manner. S. C. Bates, appellant, (representing property owners in the two districts) filed suit in chancery court against the directors of the consolidated district to force them to select the site mentioned in the ballot (Moody, Pogue and Wiles property); and also to invalidate (for reasons later discussed) the entire consolidation proceedings.

*One.* We find no merit in appellant's argument that "the question on consolidation . . . was not submitted in the form designated" by Section 4 of said Act 125 of 1961. We have carefully examined the form of ballot used here and find that it is substantially in conformity with the requirements of said section. In fact both are alike as to form and it would serve no useful purpose to set them out for comparison.

In this same connection appellant especially urges that the ballot used was fatally defective because it gave the voter no opportunity to vote *for consolidation* and *against* the designated *site* or vice versa. We can understand how, under some circumstances an objection of this type might have merit, but not so in this case. In the first place, as shown by the ballots, the proposed site had not actually been secured. In other words, the selection of a site rested finally within the power and discretion of the directors where this Court has said it rests. See: *Johnson* v. *Robbins,* 223 Ark. 150, 264 S. W. 2d 640. As will be made apparent later, the change of sites could not have prejudiced the voters in any material way.

Also it is argued that the ballot is fatally defective because it violates Amendment No. 40 to the Constitution. This amendment, in pertinent part, provides that the directors of each district shall prepare and make public sixty days in advance of the annual school election a proposed budget and fix the rate of tax levy. It is pointed out by appellant that this could not have been done in this

instance because District No. 42 was not in existence sixty days before the annual election held on December 4, 1962. We see no merit in this argument for the following reasons. Since this case is not a direct attack on the manner in which the election was held, we must assume that it was in all respects in compliance with the law and that every prerequisite was met. Therefore, we can assume the directors in the two original districts complied with the law — including Amendment No. 40. Section 7 of said act provides that the new district succeeds "to all the rights and property of the districts consolidated", etc. Appellant does not, and cannot successfully, deny the districts had a legal right to consolidate and to vote the necessary millage to operate and construct the buildings. We know of no legal inhibition against the old districts doing in one election what they might have done in two elections. This was a regular school election, therefore the voters could have voted against consolidation and against the increased tax rate and still (under Amendment No. 40) the old rate would have been in effect in each old district.

*Two.* Appellant here states that "The court erred in finding that the consolidation was valid," relying on his argument presented under point "One" above, which we have already rejected. It is our opinion that the procedure set out in Act 125 of 1961 was correctly followed in this case.

*Three.* It is next contended that the act does not authorize submitting, on the same ballot, the question of consolidation and also the question of issuing bonds based on a tax levy. In view of what we have already said we deem it unnessary to discuss this point further than to say the contention is technical and deals with form rather than substance.

*Four.* We find no merit in appellant's further argument that said act is invalid because it is in violation of Amendment No. 40 to the Constitution, which provides that tax money voted by a school district shall not be used for any other purpose (than school purposes) or by any other district. As to the purpose for which the money

involved here will be used, there is no question or dispute — it will be used for school purposes. Also, for all intents and purposes, the tax money in this instance was voted by and will be used in the same district — District No. 42. Also, the question here raised was decided adversely to appellant by the decision in *Bonner* v. *Snipes,* 103 Ark. 298, 147 S. W. 56.

*Five.* We come now to the final point and the one upon which appellant presumably relies most heavily for a reversal.

As before stated, the ballot on the consolidation proposal contained these words — ''. . . with the new school plant to be located on the Moody, Pogue and Wiles property, upon which options have been secured.'' It is the contention of appellant that when the majority voted affirmatively on the above ballot it, *ipso facto,* created a binding obligation on the directors of the new district to place the school facilities on that property and nowhere else. The logical conclusion of that contention would be that the entire project would have to fail if the designated site could not, for any reason, be secured. We are not convinced by that line of reasoning, nor do we find that any statute or court decision of this State binds or impels us to adopt it. To support appellant's position reliance is placed on certain language found in the case of *Matthews* v. *Rural High School District No. 5 of Johnson County,* 120 Kan. 347, 242 P. 1016. The language, in effect, is that an affirmative vote on the proposition of issuing bonds to erect a school building is a sufficiently definite and valid designation of the site. Neither the facts nor the opinion in the above cited case lend any support to appellant's argument. In that case two elections were held. One authorized consolidation and designated the ''location at Spring Hill.'' The next year the directors purchased twenty acres of land ''in and adjoining Spring Hill,'' and paid $7,000 for it. Four years later the voters authorized bonds to erect a school house ''on the land owned by the district adjoining the city of Spring Hill.'' After the directors had started construction on that site, Matthews (as a taxpayer) tried to enjoin construction on that particular site. The trial court merely refused the

injunction, and the Supreme Court properly affirmed. The issue presented here was not raised or discussed in the cited case.

We have concluded the trial court was fully justified in approving the site (other than the one designated) upon which to erect school facilities. The situation and facts supporting that conclusion are, in essence, as follows: (a) The directors were unable (because one of the landowners declined to honor his agreement) to secure the designated site; (b) The optioned site would have cost around $6,000; (c) The new site was donated to the district, and was suitable for all purposes; and, (d) The new site was adjacent to the designated site and both sites abut U. S. Highway No. 62.

Under the above set of facts we cannot believe that any elector, who voted for consolidation because of the designated site, would have voted against consolidation had he known the change would be made in site locations. In other words, we think the difference between the sites was too insignificant to affect the electors' vote, or to justify a reversal.

Affirmed.