The Honorable Jim Wood State Senator P.O. Box 218 Tupelo, Arkansas 72169
Dear Senator Wood:
This is in response to your request for an opinion concerning the interpretation of A.C.A. 6-13-206. Specifically you have asked whether the use of the word "may" in the statute gives the county board of education the discretion to call or not call an election on school consolidation when presented with petitions containing signatures of 10% of the qualified electors, or whether use of the word "may" only gives the board the discretion to choose between calling a special election, or placing the issue on the ballot at the annual election. For the reasons that follow, it is my opinion that the statute gives the county board the discretion to call or not call an election.
The relevant provision, A.C.A. 6-13-206, provides in pertinent part:
 (a) The county board of education, upon a petition of ten percent (10%) of the qualified electors in the territory affected, may submit to the electors at the annual election or at a special election the question of a change of boundaries, of the formation of a new district, or of the dissolution of a district and the annexation of the territory thereof to another district, as provided for in 6-13-201. . . . (Emphasis added).
It appears that there is one Arkansas case interpreting at least the predecessor to the provision above. In Fomby School District No. 26 v. Williams, 203 Ark. 235, 156 S.W.2d 220 (1941), the court, interpreting 11482 of Pope's Digest relevant to the county court's discretion, (now the county board's discretion), held that:
 Such discretion is vested in the county courts in case the procedure is by a petition signed by a majority of the qualified electors, but in case the procedure is by a petition for an election on the question, then the only discretion vested by such section is in calling the election, for it is provided that they `may according to their best judgment call a special election to vote on the question', etc. . . . [T]he statute now under consideration vests the discretion in the county courts as to whether such election shall be called, and excludes it thereafter.
 203 Ark. at 238, 239.
Fomby thus holds that the county courts, (now county boards), have the discretion to call or not call the election. This result is consistent with surrounding statutory language. A.C.A. 6-13-201
(Supp. 1987) provides that the county boards "shall have full power and exclusive right" to consolidate school districts. Section 6-13-206 merely allows the board to let the electors decide if it so chooses.
Additionally, even if the board is presented with a petition by a majority of the qualified electors praying for consolidation, the board may still choose not to grant the prayer, and its decision in that regard is not reviewable. See, A.C.A. 6-13-204 (2), and Lyerley v. Manila School Dist. No. 15, 214 Ark. 245, 215 S.W.2d 733
(1948). The above provisions make it evident that the county board has exclusive control of the process, and may choose not to call an election even when petitioned by the requisite number of electors.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.