Lindon Jacobs, Chairman Van Buren County Democratic Committee Route 3, Box 92 Clinton, Arkansas 72031
Dear Mr. Jacobs:
This is in response to your opinion request wherein you asked whether a former municipal judge should be allowed to use the appellation "judge" on the political practice pledge and therefore have that title placed before his name on the ballot.
Pertinent to your inquiry is A.C.A. 7-7-305(c) which provides as follows:
 "Any person who shall file for any elective office in this state may use not more than three (3) given names, one of which may be a nickname or any other word used for the purpose of identifying such person to the voters and may add as a prefix to his name an abbreviation of any professional title which he has a legal right to use . . . (emphasis added).
 Also pertinent to your inquiry is Canon 7B(1)(c) of the Arkansas Code of Judicial Conduct which states that a candidate for a judicial office "should not . . . misrepresent his identity, qualifications, present position, or other fact" (emphasis added).
This office has previously concluded that use of the title "justice" by a former justice of the peace would appear to be in violation of the Code of Judicial Conduct and A.C.A. 7-7-305(c), (Opinion No. 90-012) and that use of the appellation "judge" by a Workers' Compensation Administrative Law Judge would also be misleading (Opinion No. 86-455). In both of these opinions, however, it is noted that the county election commissioners would have ultimate discretion as to what is placed on the ballot. A.C.A. 7-5-207.
As a general matter, nothing in the name placed on the ballot should mislead the voter. For instance, in State ex. rel. Whetsel v. Murphy, 174 N.E. 252 (1932), the Ohio Supreme Court said a name should not be used unless there is such identity of names as would justify such description in order to permit the voter to make an intelligent expression of his choice. Similarly, an Oklahoma case has held that the name a candidate uses on the ballot should be placed there in good faith and with honest purpose. Huff v. State Election Board, 32 P.2d 920 (1930).
Use of the term "judge" in addressing a former judge is a common practice. It is, however, a title of respect used out of courtesy in recognition of a position formerly occupied. The Arkansas Supreme Court stated in School District No. 18 v. Grubbs Special School District, 184 Ark. 863, 43 S.W.2d 765, 766 (1931), that the legal definition of "judge" is "one who presides and administers the law in a court of justice." Thus, a convincing argument could be advanced that only a sitting judge would have a "legal right" to use such a professional title. In any event, it is the opinion of this office that the Code of Judicial Conduct would appear to prohibit the use of the title "judge" on the ballot by a former judge. This is clearly not the candidate's "present position" as required by Canon 7B(1)(c) and would therefore be misrepresentative.
The foregoing opinion, which I hereby approve, was prepared by First Assistant Attorney General C. Randy McNair.