The Honorable Bobby G. Newman State Representative P.O. Box 52 Smackover, AR 71762
Dear Representative Newman:
This is in response to your request for an opinion on the following:
 If the question of the consolidation of three school districts into a single new district is placed on the ballot in the three districts and a majority of the electors voting on the issue in each of two of the districts vote "For" the consolidation of the three districts and a majority of the electors voting on the issue in the third district vote "Against" consolidation of the three districts, are the three districts consolidated, or are the two districts voting "For" consolidation consolidated, or are none of the districts consolidated?
If the election is held pursuant to A.C.A. 6-13-301 et seq., it seems clear that the consolidation must be approved by a majority of the electors in each district.
Section 6-13-302(a) states:
 Any two (2) or more but not exceeding eight (8) school districts, whether such districts are in the same or different counties, may be consolidated into a new district under the provisions of this subchapter, upon the approval of a majority of the qualified electors voting on the question in each of these districts. [Emphasis added].
The language of Section 6-13-304 also compels the conclusion that consolidation will not occur unless it is approved by a majority of the voters in each district. This Code section sets out the form of the ballot, and then states as follows under subsection (b):
 If a majority of the qualified electors voting on this issue in each district shall vote for the consolidation of the named districts under this subchapter, such vote shall be so certified to the county board of election of each affected county. [Emphasis added].
Thus, in response to your question, it must be concluded that the three districts are not consolidated where only two of the districts vote for consolidation. And it appears that there is no provision for the consolidation of two districts where the issue presented includes a third district within the "named districts."
The answer to your question is perhaps less clear if the election is called following a petition of ten percent (10%) of the electors in the territory affected, pursuant to A.C.A. 6-13-206. The Arkansas Supreme Court has clearly held that a district "cannot be driven into such consolidation," in accordance with A.C.A.6-13-201 wherein it states:
 No existing district shall be included in a new district under the provisions of this section unless a majority of the qualified electors of the district to be included sign the petition, or, in the case of an election, a majority of the voters in the election in the district on the question shall favor it. . . .
A.C.A. 6-13-210(b); Gibson v. Davis, 199 Ark. 456, 460,134 S.W.2d 15 (1939).
Thus, the Court in Gibson, supra, affirmed the circuit court's holding that the county court lacked jurisdiction to dissolve the three districts and consolidate them into one district; the county court's order to this effect was therefore void.
While it may be concluded from this ruling that the three districts cannot be consolidated where one of the districts votes against consolidation, the Gibson decision does not specifically address the question of whether the other two districts voting for consolidation are consolidated. Language appearing in several other cases does suggest that there must be a majority vote in each district. In Hale v. Hope School District No. 1-A, 212 Ark. 915, 208 S.W.2d 431 (1948), the court discussed its previous ruling in Fomby Special School District No. 26 v. Williams 203 Ark. 235, 156 S.W.2d 220
(1941), stating:
 In that case we further held that 11481 and 11482 [A.C.A. 6-13-204 and 6-13-206] had reference to dissolutions and consolidations, etc. of territory in a single county; that under 11481 [6-13-204] it could be by petitions signed by a majority in each district, or it could be by elections under 11482 [6-13-206]. We there said `but by 11482 [6-13-206] the same thing may be done by election upon a petition signed by 10 per cent of the qualified electors in the territory affected, but the vote at the election, if called, must be a majority in each district, as provided by 11477 [6-13-201]. [Emphasis added].
Hale, 212 Ark. at 918, city Fomby, 203 Ark. at 237.
These cases suggest that a majority vote in each district is required where the question is presented to the electors following a petition under Section 6-13-206, although the Court was not faced with this exact question.
A conclusive resolution of the issue may not be possible, in the absence of judicial precedent or legislative clarification. It should also be noted, however, that significance may attach to the ballot in the election. The question of the consolidation of three districts into a single new district may imply a requirement that all three districts approve the consolidation.
While there is no clear precedent in this area, it is my opinion that a court would in all likelihood require a majority vote in all three districts under this scenario. And, as noted above, this requirement seems clear under A.C.A. 6-13-301 et seq.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] These Code sections authorize county boards of education to submit to the electors of each of the affected districts the question of consolidation of the districts, upon receipt of resolutions approved by a majority of the board of directors of each of the districts proposing consolidation. A.C.A. 6-13-302(c).