Mr. David Gibbons, Prosecuting Attorney Fifth Judicial District Post Office Box 3080 Russellville, AR 72811
Dear Mr. Gibbons:
You have presented the following question for my opinion:
 Given the fact that city council members serve two year terms, does a lease agreement between a city of the first class and a non-profit corporation, under which the city, pursuant to A.C.A. § 14-199-701, leases to the non-profit corporation, the city's water works and sewer system for a term of more than two years violate Arkansas law because of the length of the term of the lease which exceeds the city council's term of office?
RESPONSE
It is my opinion that the fact that the term of the lease agreement you have described exceeds the two-year terms of city council members does not violate Arkansas law.
The statute that authorizes a lease of this nature, A.C.A. § 14-199-701, grants broad authority to the city to determine the terms and length of the lease. The statute states in pertinent part:
 (a) Any city of the first class, city of the second class, and incorporated town owning a waterworks system, sewer system, gas system, electric system, television signal distribution system, other municipal utility system, or any combination thereof, may lease such system or systems to any nonprofit corporation organized under the laws of the State of Arkansas, or may contract with any such nonprofit corporation, for the purpose of the management and operation of such system or systems for such period of time and upon such terms and conditions as may be deemed to be in the best interests of the city or town.
* * *
 (c) No such lease or contract shall contain an option to purchase or otherwise transfer ownership to such utility system or systems, nor shall any such lease or contract have a term which is more than eighty percent (80%) of the reasonably expected economic life of the utility system or systems.
A.C.A. § 14-199-701 (emphasis added).
The language emphasized above grants the city wide discretion to determine the length of the lease, the only limitation being that the term of the lease cannot exceed eighty percent of the reasonably expected economic life of the system.
This broad authority to determine the terms of the lease is consistent with the broad grant of contract authority to cities generally. See
A.C.A. § 14-54-101. This authority must, of course, be exercised within constitutional limits, see e.g., Ark. Const., Art. 12, § 4, and contracts entered into by the city must be supported by adequate consideration.See Ops. Att'y Gen. Nos. 2003-047; 2001-256; 2001-083; 99-357; 97-250; 97-108; 96-287; 95-374; 93-274; 92-099; 91-410; 89-061. These limitations, however, do not impose any requirement that lease or contract terms not exceed the term lengths of city council members.
Although Arkansas law does not prohibit cities from entering into contracts the terms of which exceed the term lengths of city council members, I must note that the Arkansas courts have recognized the principle of limiting a governing body's power to bind subsequent bodies. However, the court has applied this principle only in the context of school board action. See, e.g., Brown v. Gardner, 232 Ark. at 199,334 S.W.2d 889 (1960); East Poinsett County Sch. Dist. No. 14 v. Massey,315 Ark. 163, 866 S.W.2d 369 (1993); Bates v. Orr, 236 Ark. 499,367 S.W.2d 122 (1963); Fomby School District No. 26 v. Williams,203 Ark. 235, 156 S.W.2d 220 (1941);School Dist. 18 v. Grubbs Spl. Sch. Dist., 184 Ark. 863,43 S.W.2d 765 (1931); Martin v. Frazier, 291 Ark. 120,722 S.W.2d 835 (1987). Moreover, the courts of other jurisdictions have distinguished between limitations on the power of a governing body to bind a subsequent body in the exercise of its governmental functions, and limitations on the power of a governing body to bind a subsequent body in the conduct of business on behalf of the governed entity. Whereas the power of a governing body to bind the exercise of governmental functions by a subsequent body appears to be impermissible, a governing body's power to bind subsequent bodies in the conduct of business appears to be permissible. A Michigan court described the distinction as follows:
 Statutes and charters sometimes authorize municipal boards to make contracts which will extend beyond their own official term, and the power of the legislature in this respect is well settled. Respecting the binding effect of contracts extending beyond the terms of officers acting for the municipality, there exists a clear distinction in the judicial decisions between governmental and business or proprietary powers. With respect to the former, their exercise is so limited that no action taken by the governmental body is binding upon its successors, whereas the latter is not subject to such limitation, and may be exercised in a way that will be binding upon the municipality after the board exercising the power shall have ceased to exist. Consequently, although a contrary rule prevails as to contracts relating to business affairs, it is generally held that, independent of statute or charter provisions, the hands of successors cannot be tied by contracts relating to governmental matters.
City of Hazel Park v. Potter, 426 N.W.2d 789, 792 (Mich.App. 1988), citing 10 McQuillin, Municipal Corporations, § 29.101, p. 467.
It is my opinion that even if it is appropriate to limit the power of city councils to bind subsequent councils in the exercise of governmental functions, it is not appropriate to do so in the situation you have described, which not only involves the city council's exercise of a business function, but also involves the city council's exercise of a function that is explicitly authorized by state law.
For these reasons, I conclude that the fact that a lease term exceeds the term lengths of the city council members does not violate Arkansas law.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General